**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ralph Reginald CAIN, Defendant–Appellant.**

No. 88–3977.

United States Court of Appeals, Eleventh Circuit.

Aug. 11, 1989.

Robert J. Vossler, Federal Public Defender, Tallahassee, Fla., for defendant-appellant.

K.M. Moore, U.S. Atty., Roy F. Blondeau, Jr., Asst. U.S. Atty., Kenneth W. Sukhia, Tallahassee, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and PITTMAN *, Senior District Judge.

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama,

**PER CURIAM:**

Ralph Reginald Cain pled guilty to three counts of knowingly and willfully possessing stolen United States Treasury checks, in violation of 18 U.S.C. § 1708 (Counts I, II and III), and of retaining and concealing these three checks in violation of 18 U.S.C. § 510. (Count IV). On appeal he challenges only his sentence. We affirm in part, reverse in part, and remand.

**I.**

For several months prior to August 3, 1988 mail carriers in a Tallahassee, Florida neighborhood observed an individual later identified as appellant following them on their mail routes. One carrier had observed appellant looking into mail boxes and on one occasion remove mail. Postal inspectors and the United States Secret Service set up surveillance. When authorities approached appellant on August 3, 1988, he removed his cap and threw it under a parked vehicle. Two envelopes, each containing a social security check, fell out of the cap. A third social security check was found inside the cap. The checks had been delivered earlier that day.

Appellant pled guilty to three counts of violating 18 U.S.C. § 1708 by knowingly and willfully possessing United States Treasury checks knowing them to be stolen and one count of violating 18 U.S.C. § 510 by retaining and concealing Treasury checks knowing them to be stolen. Testimony at appellant's sentencing hearing established that the checks of numerous persons on the carriers' routes had been stolen. In determining appellant's offense level under the Sentencing Guidelines in the pre-sentence report, the federal probation officer applied Guideline section 2B1.1 to Counts I, II, and III of the indictment. Under this section, the base offense level is four. Adjusting for the fact that undelivered mail with an aggregate value of less than $1,000 was involved resulted in an offense level of six for these counts. The probation officer then added two levels for appellant's attempt to obstruct the investigation by concealing the checks in his cap

sitting by designation.

and throwing the cap under a parked vehicle. This resulted in a total offense level of eight for violations of 18 U.S.C. § 1708.

The probation officer applied Guideline section 2B5.2 to determine the base offense level for Count IV, the violation of 18 U.S.C. § 510. Section 2B5.2 directs that the offense level is determined by section 2F1.1 entitled "Fraud and Deceit." The base level for an offense under that section is six. Where more than minimum planning was involved or the scheme defrauded more than one victim, however, the minimum offense level is ten. Guidelines § 2F1.1(b)(2). The probation officer added two levels for obstruction of justice, resulting in an adjusted offense level of twelve for Count IV.

The probation officer grouped Counts I, II, and III separately from Count IV. This resulted in a multiple count adjustment of two levels to the adjusted offense level for Count IV, the greater of the adjusted offense levels. Appellant's combined offense level therefore was fourteen. *See* Guidelines § 3D1.4. The officer then reduced this total by two levels for acceptance of responsibility, resulting in a total offense level of twelve. Appellant objected to the pre-sentence report arguing, among other things, that there should have been no increase for obstruction of justice and that Counts I–III should have been grouped together with Count IV. After a sentencing hearing during which the court heard evidence and testimony in response to appellant's objections, the court concluded that an increase of two levels was warranted because appellant had obstructed justice by attempting to hide the checks and that separate grouping of Counts I–III and Count IV was appropriate under the Guidelines. The court therefore accepted the probation officer's recommendation of a total offense level of twelve. The court sentenced appellant to thirty months imprisonment, three years of supervised release, and a $200 special assessment.

## II.

■ Appellant first contends that the court erred in finding that he had obstructed justice under section 3C1.1 of the Guidelines. This resulted in an increase of two

in his total offense level. The Advisory Committee Notes list "destroying or concealing material evidence, or attempting to do so" as an example of conduct that may constitute obstruction of justice. The trial court found that defendant was trying to destroy or conceal evidence and thus obstruct justice by throwing the cap containing the stolen checks under a parked car. This finding is not clearly erroneous. Appellant argues that traditionally obstruction of justice only relates to post-offense conduct occurring during the pendency of some judicial proceeding. We can find no such limiting principle in the Guidelines. Nor have other courts implied such a limitation. *See United States v. Galvan–Garcia,* 872 F.2d 638, 641 (5th Cir.1989) (attempting to conceal marijuana by tossing it out of the window of vehicle during chase constituted obstruction of justice); *United States v. Franco–Torres,* 869 F.2d 797, 800–01 (5th Cir.1989) (firing gun at federal agent and throwing it in attempt to hide it from investigative officers constituted obstruction of justice). Accordingly, we must affirm the judgment of the district court on this issue.

## III.

■ Appellant next contends that Count IV should not have been grouped separately from Counts I–III. He argues that retaining and concealing the stolen checks was not "significant additional conduct" under the Guidelines because essentially the same conduct and harm was involved. We agree. The Guidelines provide the following:

All counts involving substantially the same harm shall be grouped together into a single Group.... Counts involve substantially the same harm within the meaning of this rule:

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan....

. . . . .

(d) Counts are grouped together if the offense level is determined largely on the

basis of the total amount of harm or loss, the quantity of substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

Guidelines § 3D1.2. Subsection (d) specifically includes offenses under sections 2B1.1, 2B5.2 and 2F1.1, the Guidelines sections which apply in this case. The Guidelines provide the following example of the types of offenses that are to be grouped together under subsection (d) of the multi-count rules:

> Defendant C was convicted on the following seven counts: (1) theft of a $2,000 check; (2) uttering the same $2,000 check; (3) possession of a stolen $1,200 check; (4) forgery of a $600 check; (5) possession of a stolen $1,000 check; (6) forgery of the same $1,000 check; (7) uttering the same $1,000 check. Counts 1, 3, and 5 involve offenses under Part B (Theft), while Counts 2, 4, 6, and 7 involve offenses under Part F (Fraud and Deceit). For purposes of § 3D1.2(d), fraud and theft are treated as offenses of the same kind, and therefore all counts are grouped into a single Group, for which the offense level depends on the aggregate harm. The total value of the checks is $4,800. The fraud guideline is applied[ ] because it produces an offense level that is as high as or higher than the theft guideline. The base level offense is 6, and there is an aggravator of 1 level for property value. However, because the conduct involved repeated acts with some planning, the offense level is raised to 10. (§ 2F1.1(b)(2)(B)). The combined offense level therefore is 10.

Illustrations of the Operation of the Multi-Count Rules, Sentencing Commission Guidelines Manual at 3.18. In the above example counts 3 and 5 are identical to Counts I–III in this case. The statute which prohibits forgery and utterance (Counts 2, 4, 6, and 7 in the above example), is 18 U.S.C. § 510. This statute also provides the basis for Count IV in this case. We are persuaded therefore that Counts I–IV should have been grouped together under the Guidelines. Appellant's combined offense level, before adjustments,[1] thus will be that of the count producing the highest offense level, Count IV. *See* Guidelines § 3D1.3(b). Accordingly, we reverse the judgment of the district court as to this issue and remand for resentencing in accordance with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED.

■

---

1. The Application Notes to Guideline section 3E1.1 state that an adjustment for acceptance of responsibility "is not warranted where a defendant ... obstructs ... the administration of justice (*see* § 3C1.1), regardless of other factors." Appellant was properly found to have obstructed the administration of justice under § 3C1.1. Accordingly he may not have been entitled to a reduction of two levels for acceptance of responsibility. Because the government did not raise this issue on appeal, however, it is not properly before us and we need not decide the issue.