UNITED STATES of America, Appellee,

v.

Charles PATTERSON, a/k/a Daniel Burton, Appellant.

No. 89–1427.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Nov. 20, 1989.

---

70

James C. Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Frederick R. Buckles, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and BOWMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Daniel Burton appeals from the sentence imposed on him after he pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (1982 & Supp. V 1987). Burton argues that the district court[1] misapplied § 3C1.1 of the Sentencing Guidelines by adjusting his offense level upward two points for obstruction of justice because he gave authorities a false name at the time of his arrest.[2] We affirm.

## I.

On July 27, 1988, Daniel Burton robbed a bank in St. Louis of approximately $3,550. There were several eyewitnesses, one of whom saw Burton's car and his female passenger and wrote down the car's California license plate number. On August 15, 1988, Burton was arrested in Florida for reckless driving. In response to questioning by the arresting officer, Burton stated that his name was Charles Patterson. He had no identification, but vehicle registration papers in the car bore the name Charles Patterson. Shortly after stopping Burton, the officer was informed that the car Burton was driving matched

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Burton also argues that § 3C1.1 is unconstitutionally vague. We do not consider this argument on appeal because Burton did not raise it in the district court. *See Felton v. Fayette School Dist.,* 875 F.2d 191, 193 (8th Cir.1989).

the description of the suspect vehicle in the St. Louis robbery and that Burton and his passenger fit the descriptions of the persons wanted for involvement in the robbery. During an interview by a Federal Bureau of Investigation agent several hours after his arrest, Burton again identified himself as Charles Patterson. He also gave the agent a fictitious date and place of birth. Burton's companion told the agent that she knew the defendant as Charles Patterson. After his removal to St. Louis, Burton refused to speak with the Pretrial Services officer and did not give his name to the magistrate. Burton's true identity was subsequently discovered through the actions of the FBI agent in Florida. The agent obtained the phone records for Burton's Florida motel room and then called a number in Cleveland. As a result of this call, the agent determined that the defendant's true name might be Daniel Burton. Accordingly, he had FBI headquarters send him Burton's fingerprints, which he compared to those taken from the defendant. This confirmed that the defendant's true name was Daniel Burton and enabled the authorities to learn that he had a lengthy criminal record. In addition, it was discovered that there were numerous warrants outstanding for Burton's arrest, some of them for other bank robberies.

Pursuant to a plea agreement, Burton pled guilty to the St. Louis robbery and admitted involvement in a San Diego bank robbery in exchange for the government's promise not to prosecute the San Diego offense. The district court sentenced Burton to seventy-one months imprisonment and three years supervised release after increasing his offense level two points for obstruction of justice because he had given the arresting officer and the FBI agent a false name.

## II.

Section 3C1.1 reads as follows:

*Willfully Obstructing or Impeding Proceedings*

If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.

The application notes following § 3C1.1 set forth a nonexhaustive list of conduct that can provide a basis for applying the adjustment. Most relevant here is note 1(a), which includes in such conduct "destroying or concealing material evidence, or attempting to do so."

■ Relying on application notes 1(c) and (e) to § 3C1.1,[3] Burton contends that false statements can be considered obstruction of justice only when made during a judicial proceeding or to a probation officer. This contention is without merit. Section 3C1.1 applies by its terms to obstruction "during the investigation ... of the instant offense." The commentary to § 3C1.1 explains that the section covers "conduct calculated to mislead or deceive authorities *or* those involved in a judicial proceeding" (emphasis added). Moreover, Guidelines § 1B1.3(a) demonstrates an "intent to give courts the discretion to consider a broad range of conduct in making adjustments."[4] *United States v. Williams,* 879 F.2d 454, 457 (8th Cir.1989).

---

3. Application note 1(c) includes as conduct which can constitute obstruction of justice "testifying untruthfully ... concerning a material fact ... during a preliminary or grand jury proceeding, trial, sentencing proceeding, or any other judicial proceeding." Application note 1(e) adds to the list "furnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court."

4. Section 1B1.3(a) provides in pertinent part that

[u]nless otherwise specified ... adjustments in Chapter Three, shall be determined on the basis of the following:

(1) all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, *or in the course of attempting to avoid detection or responsibility for that offense,* or that otherwise were in furtherance of that offense;

....

(4) any other information specified in the applicable guideline.

(Emphasis added).

The cases confirm that the obstruction of justice adjustment is not limited "to post-offense conduct occurring during the pendency of some judicial proceeding." *United States v. Cain*, 881 F.2d 980, 982 (11th Cir.1989) (per curiam) (citing Fifth Circuit cases). Indeed, in *United States v. Brett*, 872 F.2d 1365, 1372–73 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 322, 107 S.Ct. 312 (1989), this court affirmed the application of § 3C1.1 to a defendant who gave authorities a false name at the time of his arrest.

▬▬ In *Brett*, the district court "found that the government had lost time, manpower and money because it was laboring under the misbelief that [defendant] Gray was James Monroe." *Id.* Seizing this point, Burton argues that § 3C1.1 does not apply in this case because the government made no showing that it had lost time and expended additional money and manpower due to his use of a false name at the time of his arrest. We reject the notion that *Brett* requires such prejudice to the government as an essential condition for the adjustment under § 3C1.1. Other courts have upheld the application of § 3C1.1 in situations where the government overcame efforts to conceal evidence with apparently no greater expenditure of resources than in the instant case. *See Cain*, 881 F.2d at 981–82 (defendant threw cap containing stolen checks under parked car when authorities approached); *United States v. Roberson*, 872 F.2d 597, 599, 609 (5th Cir.) (defendant charged with credit card fraud hid card in seat of patrol car when arrested), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). The existence or absence of prejudice would be relevant only in determining whether the defendant actually obstructed or impeded the administration of justice. Section 3C1.1 also encompasses "attempted" obstruction, which we construe as not requiring success in actual obstruction. *See Williams*, 879 F.2d at 455–58 (affirm-

ing findings of attempted obstruction under § 3C1.1 without mention of any detriment to government or indication of same in statement of facts); *cf. United States v. Jeter*, 775 F.2d 670, 675 (6th Cir.1985) (18 U.S.C. § 1503 (1982), which forbids "endeavors to influence, obstruct, or impede, the due administration of justice," covers attempts to obstruct regardless of success), *cert. denied*, 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986). More specifically, application note 1(a) refers to "attempting" to conceal "material evidence." Thus, whether or not Burton actually succeeded in obstructing the administration of justice during the government's investigation of the St. Louis bank robbery, his conduct comes under § 3C1.1 if it constituted an attempt to conceal material evidence.

▬▬ Burton asserts that his name was not material to the government's investigation or prosecution of the St. Louis robbery because the government's proof consisted of eyewitness identification of his person and car. Even assuming Burton's name was in no way material to establishing his guilt, it was certainly material to the proper punishment to be imposed on him for the robbery. If Burton had been successful in concealing his true name, his criminal record would have remained undisclosed, resulting in an inaccurate criminal history calculation. This would have decreased Burton's sentence by producing a lower applicable sentencing range under the Guidelines.[5] Thus, Burton's name was material at least in this respect. Furthermore, there can be no doubt that the phrase "administration of justice" encompasses sentencing determinations. *See supra* note 3 (§ 3C1.1 application notes 1(c), (e)). A recent decision by the Second Circuit directly supports our analysis and conclusion. *See United States v. Palta*, 880 F.2d 636, 637–40 (2d Cir.1989) (by concealing his true identity, which resulted in an initial criminal history calculation and recommended sentencing range that were too

**5.** Burton's total offense level was set at 23 and his criminal history category at III, resulting in a sentencing range of 57 to 71 months. Absent the two-point increase for obstruction, the offense level would have been 21. Without disclosure of his criminal record, Burton's criminal

history category would have been I. *See* Guidelines § 4A1.1. This combination would have produced a sentencing range of only 37 to 46 months. *See* Guidelines Ch. 5, Pt. A (sentencing table).

low, defendant obstructed administration of justice under § 3C1.1).

Burton's final argument is that he lacked the requisite intent to obstruct justice. We must accept the district court's factual findings unless they are clearly erroneous. 18 U.S.C. § 3742(e) (1989); *Williams*, 879 F.2d at 457. It is undisputed that Burton gave the arresting officer and then an FBI agent a false name. In light of the context formed by preceding events, these facts were sufficient to establish that Burton intended to conceal his true identity in order to prevent his apprehension for the St. Louis robbery and to hide his criminal background. Therefore, we have no difficulty concluding that the district court's application of § 3C1.1 did not rest on clearly erroneous factual findings.

### III.

The district court correctly applied § 3C1.1 of the Sentencing Guidelines to the facts in this case. Accordingly, the judgment of the district court is affirmed.