UNITED STATES of America,
Plaintiff–Appellee,

v.

Virgil Lee BAKER,
Defendant–Appellant.

No. 89–50170.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1989.

Decided Jan. 24, 1990.

Janice Hogan, Federal Public Defenders Office, San Diego, Cal., for defendant-appellant.

John P. Pierce, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.

SCHROEDER, Circuit Judge:

This sentencing appeal follows defendant-appellant Virgil Lee Baker's plea of guilty to charges of conspiracy to use a counterfeit credit card and use of a counterfeit credit card in violation of 18 U.S.C. §§ 1029(a)(1) and 371.

At the sentencing hearing, Baker challenged the presentence report in which the probation officer recommended an upward adjustment in Baker's sentence for being the leader of the counterfeiting scheme. The probation officer further recommended that Baker's sentence be adjusted upward on the ground that Baker obstructed justice by deliberately misstating his number of prior convictions. Baker argued that he was not the leader, that he did not willfully mislead the probation officer and that any

misrepresentations were immaterial as they did not alter his criminal history determination. At sentencing, the district court rejected Baker's challenges, denied Baker's request for an evidentiary hearing, and upwardly adjusted Baker's sentence to thirty-three months. This appeal followed.

■ The novel issue in the instant case is the validity of appellant's assertion that any misstatements to the probation officer regarding his criminal history were immaterial to his sentencing because the probation officer could have secured a "rap sheet" listing Baker's criminal past regardless of Baker's representations. Federal Sentencing Guidelines section 3C1.1 provides for a two-level upward adjustment "if the suspect willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." "[F]urnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court," may provide a basis for applying this upward adjustment. United States Sentencing Commission Guidelines Manual, § 3C1.1, Application Note 1(e).

The district court correctly found that Baker's misrepresentations were material. A defendant's criminal history affects guideline sentencing computations. Sentencing Guidelines § 4A1.1. A defendant's misrepresentation to a probation officer can lead at most to an inaccurate sentence computation and at least to a delay in ascertaining accurate information for the court. For example, in United States v. Gonzalez–Mares, 752 F.2d 1485, 1491–92 (9th Cir.), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985), we found material, for purposes of 18 U.S.C. §§ 1001 and 1503, a defendant's misrepresentation concerning her prior criminal record made to a probation officer during a presentence interview and to the magistrate at time of sentencing. We expressly rejected the defendant's argument that her false testimony did not constitute obstruction of justice as the government could always consult official records and discover her true status. We explained that "[r]equiring the

probation officer to complete a thorough check on the defendant" would defeat "the speed and convenience of the oral presentence report system...." Id. at 1492; see also United States v. Jeter, 775 F.2d 670, 675 (6th Cir.1985) (18 U.S.C. § 1503 covers attempts to obstruct justice regardless of success), cert. denied, 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986).

Moreover, section 3C1.1 on its face encompasses "attempted" obstruction of justice as well as actual obstruction. See United States of America v. Patterson, 890 F.2d 69, 72 (8th Cir.1989). Here, although Baker's misrepresentations may not have actually misled the court because the court eventually discovered the true extent of his criminal record, his lies to the probation officer certainly had the potential for obstructing justice and were therefore material for purposes of Sentencing Guidelines § 3C1.1. The Eighth Circuit in Patterson, 890 F.2d at 72–73, reached the same conclusion, holding that a defendant's use of a false name at the time of arrest is material for obstruction of justice under section 3C1.1 because the alias could have prevented disclosure of the defendant's criminal record, despite the fact that authorities ultimately discovered the defendant's true name and criminal history. Patterson further held that the government did not have to demonstrate that it had expended additional effort due to defendant's use of a false name for that use to be material. Id. See also United States v. Velasquez–Mercado, 872 F.2d 632, 636 (5th Cir.1989) (defendant willfully obstructed proceedings under Guideline section 3C1.1 where he had lied about his leadership role to the probation officer preparing his presentence report).

■ Baker also contends that he was entitled to an evidentiary hearing to determine whether he willfully misled the probation officer and whether his misrepresentations were material. We have held that it is not an abuse of discretion to sentence a defendant without an evidentiary hearing if the trial court gives the defendant an opportunity to rebut allegations in the presentence report "by allowing defendant and

his counsel to comment on the report or to submit affidavits or other documents...." *United States v. Petitto*, 767 F.2d 607, 611 (9th Cir.1985). *See also United States v. Monaco*, 852 F.2d 1143, 1148–49 (9th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989). Here, the court received Baker's written objections to the presentence report, heard defense counsel's arguments at the sentencing hearing and gave Baker the opportunity to speak on his own behalf. The district court heard and considered Baker's explanation that he misrepresented his number of prior convictions because he believed that convictions sustained ten years prior did not form part of his criminal history. The court found this explanation untenable as Baker failed to mention convictions for felonies sustained in the previous five years while mentioning a misdemeanor committed over ten years earlier. The district court did not believe that Baker forgot about his recent convictions because Baker served time in prison for those crimes. The court, therefore, afforded Baker ample opportunity to rebut allegations in the presentence report and to present his own view of the facts. Under such circumstances, where a formal evidentiary hearing would have served no purpose, the court's denial of Baker's motion for such a hearing could not have constituted an abuse of discretion. *See Monaco*, 852 F.2d at 1148.

The district court ruled that Baker deserved an upward adjustment in sentence for his leadership role in the offense. Baker argues that the court should have listed the specific factors upon which it based its leadership determination and that the case should be remanded for the making of such findings. The record reflects that the district court did in fact list the factors upon which it relied in concluding that Baker organized the scheme. The court noted that Baker had confessed to thinking up the scheme, that Baker had performed such schemes before, that he had arranged for the phony licenses and credit card, and that he had the contacts to make the scheme work. We hold that such findings are sufficient. *See United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th

Cir.1989); *see also United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir.1989).

AFFIRMED.