UNITED STATES of America,
Plaintiff–Appellee,

v.

Walter Barry WILSON, a/k/a Michael Anderson, Defendant–Appellant.

No. 89–1185.

United States Court of Appeals,
Fifth Circuit.

June 15, 1990.

Don Jackson, Jenkens & Gilchrist, Dallas, Tex., (Court–Appointed), for defendant-appellant.

Delonia A. Watson, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, JONES and SMITH, Circuit Judges:

GEE, Circuit Judge:

Today's opinion follows a per curiam order entered on October 24, 1989, 887 F.2d 576, in which we vacated Wilson's sentence after concluding that his use of an alias during the commission of a firearms-shipping offense did not constitute a wilful impeding or obstructing of the administration of justice "during the investigation or prosecution" of his offense, such as to justify a two-level increase in his sentencing. We set forth here the reasons for that decision.

## FACTS

Using an alias, Wilson gave a package containing firearms to a Federal Express agent in Dallas for delivery to New York. Wilson did not tell the Federal Express agent that the package contained firearms. Nor did he know that agents of the Bureau of Alcohol, Tobacco and Firearms were watching nearby.

Following a plea agreement, Wilson pleaded guilty to unlawfully using a common carrier for interstate transport of firearms and was sentenced to twelve months in prison plus three years of supervised release. Because Wilson had used an alias during the commission of the offense, his sentence was increased under Section 3C1.1 of the Sentencing Guidelines, which provides for a two-level increase "[i]f the defendant wilfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." The district court held that the enhancement for obstruction of justice was warranted because Wilson's use of an alias impeded the investigation of the offense. We reverse.

## DISCUSSION

There is simply no evidence that Wilson wilfully impeded or obstructed the administration of justice, or attempted to do either, *during the investigation or prosecution* of his offense. Wilson did not misrepresent his identity to law enforcement officers; he misrepresented it to Federal Express. At that time, Wilson was unaware that any investigation was taking place and prosecution had not yet begun. His intent clearly was not to impede the investigation or prosecution of his offense. His intent was to disguise himself in such a way so that his crime would go unpunished. At that he was unsuccessful, and he deserves to be punished for his underlying offense. An increase in his offense level is, however, unwarranted.

Were we to countenance an offense level increase in this instance, then consist-

**236**

ency would demand that we permit it in a case in which the defendant wears a mask, where he disguises his voice, he leaves town, uses gloves, and so forth. This is not the type of conduct intended to be covered by Section 3C1.1. Rather, Section 3C1.1 is meant to cover cases of destroying or concealing evidence, testifying untruthfully or suborning perjury, threatening witnesses or lying to an officer during the course of an investigation. Wilson, after all, says it best: "[t]here is no evidence that the Appellant's use of an alias was a wilful attempt to obstruct an existing investigation, *as opposed to a routine precaution any law violator might take*" (Appellant's Reply Brief, p. 2, emphasis added).

On that note, we hold that the district court's finding that Wilson obstructed the administration of justice was clearly erroneous. *See United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir.1989) ("Whether or not a defendant has obstructed the administration of justice is a factual question, and the district court's resolution of the question enjoys the protection of the clearly erroneous standard.") The judgment of the district court is

REVERSED.