UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose N. LUNA, Defendant–Appellant.

No. 90–8022
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 31, 1990.

Mari C. Haley (Court Appointed), Waco, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant committed an assault with a gun and concealed the gun before the crime was reported and before the investigation began. We are called upon to decide whether the act of concealing the gun under these circumstances constituted obstruction of justice for purposes of § 3C1.1 of the Sentencing Guidelines. Concluding that it does not, we vacate appellant's sentence and remand for resentencing.

Appellant pleaded guilty to assault with a dangerous weapon. The crime occurred on a United States military installation. He admitted that he concealed the weapon immediately after the commission of the offense. The government concedes that the investigation of the offense did not begin until several hours after the gun was concealed.

The presentence investigation report recommended that the appellant's base offense level be increased two levels for obstruction of justice pursuant to § 3C1.1 of the Guidelines. Appellant objected to the increase and, after hearing argument from counsel, the district court ruled that this increase was appropriate because the concealment of the weapon constituted obstruction of justice. It is appellant's position that the application of § 3C1.1 by the district court was an error of law because the act of concealment occurred prior to the investigation. The pertinent part of § 3C1.1 provides that if the defendant impedes, obstructs, or attempts to impede or obstruct "the administration of justice *during the investigation or prosecution of the instant offense,* increase the offense level by two levels." Application Note 1(a) to this section provides that "destroying or concealing material evidence, or attempting to do so ..." may be a basis for applying the guideline.

Our inquiry is guided by a recent opinion of this Court in *United States v. Wilson,* 904 F.2d 234 (5th Cir.1990) which was not available to the district court. In that matter the defendant delivered a package containing firearms to a Federal Express agent for interstate delivery using an alias in the return address on the package. Because of the use of the alias the district court applied § 3C1.1. This Court reversed stating:

> "[T]here is simply no evidence that Wilson willfully impeded or obstructed the administration of justice or attempted to do so either, *during the investigation or prosecution* of his offense.... His intent clearly was not to impede the investigation or prosecution of his offense. His intent was to disguise himself in such a way so that his crime would go unpunished." (Emphasis in original).

In the instant case it is undisputed that no investigation had begun when appellant concealed the gun. It is equally clear that appellant concealed the weapon so that his crime would go unpunished.

The government relies on three cases [1] all of which are factually inapposite since in each of those cases the investigation was already underway at the time the defendants attempted to conceal or destroy the evidence.

The government did suggest at the sentencing hearing that although appellant acknowledged that he owned the gun, he denied that it was located on military premises, which was untrue. However, the district court did not rely upon this fact in arriving at its determination to apply § 3C1.1. We express no opinion as to what effect, if any, this might have on the outcome had it been relied upon by the district court.

The sentence is VACATED and the matter REMANDED for resentencing.

---

**1.** *U.S. v. Galvan–Garcia,* 872 F.2d 638, 641 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 164, 107 L.Ed.2d 122 (1989); *U.S. v. Franco–Torres,* 869 F.2d 797, 800 (5th Cir.1989); *U.S. v. Cain,* 881 F.2d 980, 982 (11th Cir.1989).