**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo RODRIQUEZ–MACIAS,**
**Defendant–Appellant.**

No. 89–10442.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 1990.*

Decided Sept. 13, 1990.

———

David M. Ochoa, Phoenix, Ariz., for defendant-appellant.

Linda C. Boone, Sp. Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, NORRIS and FERNANDEZ, Circuit Judges.

PER CURIAM:

Ricardo Rodriquez–Macias ("Rodriquez") appeals the sentence imposed upon him by the district court. The district court's sentence was based, in part, on the fact that Rodriquez had used an alias when he was arrested. We affirm.

### BACKGROUND FACTS

Rodriquez was arrested on May 23, 1989, and was charged with illegally entering the United States after he had previously been deported. *See* 8 U.S.C. § 1326. Rodriquez pleaded guilty and was set to be sentenced on August 21, 1989.

The presentence report prepared for Rodriquez indicated that his offense level under the Guidelines was a six. The presentence report did not address whether Rodriquez had obstructed justice during the course of his criminal proceedings. The presentence report also calculated Rodriquez' criminal history category at level IV. With an offense level of six and a criminal history category of four, the appropriate Guidelines range is six to twelve months.

On August 21, 1989, the district court indicated that it believed that Rodriquez should have a total offense level of eight rather than six. The court thought that the offense level should have been adjusted upward because Rodriquez had given a false name at the time of his arrest. The court also told counsel that it was considering departing from the Guidelines because Rodriquez' criminal history category did not adequately reflect the seriousness of his past conduct. The court postponed Rodriquez' sentencing so that counsel would have an opportunity to consider and respond to the court's concerns prior to sentencing.

Rodriquez returned to court for sentencing on September 1, 1989. Neither party disputed any of the facts contained in the presentence report. The court stated that

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

the appropriate offense level was eight because Rodriquez had obstructed justice when he used a false name at the time of his arrest. The court agreed with the pre-sentence report that the proper criminal history category was IV. The court then sentenced Rodriquez to a sixteen month term. The sixteen month sentence was within the applicable range.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 18 U.S.C. § 3742.

We review for clear error a sentencing court's findings of fact under the Guidelines. 18 U.S.C. § 3742(e); *United States v. Christman*, 894 F.2d 339, 342 (9th Cir. 1990). It is a question of fact whether a defendant obstructed justice under the Guidelines. *Christman*, 894 F.2d at 342.

## DISCUSSION

The district court correctly sentenced Rodriquez to a term of sixteen months because it did not err when it adjusted Rodriquez' initial offense level upward by two points. A sentence of sixteen months falls within the span of the range that corresponds to an offense level of eight and a criminal history category of IV.[1]

Section 3C1.1 of the Guidelines states that a defendant's offense level may be increased by two points if the defendant "willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense...." U.S.S.G. § 3C1.1. Section 3C1.1 encompasses conduct which occurs at the time of arrest. *United States v. Irabor*, 894 F.2d 554, 556 (2d Cir.1990) (3C1.1 applies to defendant who gave false name to police at arrest); *United States v. Patterson*, 890

F.2d 69, 71–72 (8th Cir.1989) (3C1.1 applies to defendant who gave false name to police when stopped and then arrested); *see also United States v. Baker*, 894 F.2d 1083, 1084 (9th Cir.1990) (*Patterson* cited with approval but focus of opinion was on whether misstatements to probation officer about criminal history constituted obstruction of justice). Therefore, Rodriquez could obstruct justice even though his actions occurred before any judicial proceedings were underway.

We have previously held that a defendant obstructs justice when the defendant lies to a probation officer. *Baker*, 894 F.2d at 1084. Consistent with *Baker*, we hold that Rodriquez obstructed justice when he lied to the officer who stopped and arrested him.[2] *See Irabor*, 894 F.2d at 556; *Patterson*, 890 F.2d at 72. As such, the district court did not err when it found that Rodriquez' statements at the time of his arrest[3] constituted an obstruction of justice.

AFFIRMED.

TANG, Circuit Judge, dissenting:

I respectfully dissent because neither the Sentencing Guidelines nor the record justify upward adjustment for obstruction of justice in this case.

First, I fear that the majority opinion will stand henceforth as circuit authority that use of an alias permits upward adjustments for obstruction of justice. Indeed, the majority cites to cases from other circuits purportedly supporting this simple proposition. The proposition is too simple, however, for it fails to direct us to the central concern under the Guideline, a defendant's willfully impeding or obstructing "the administration of justice." Guideline 3C1.1. Unless use of an alias directly shows a defendant has willfully "attempted to im-

---

1. Rodriquez argues on appeal that the district court departed from the Guidelines range because the court thought that Rodriquez' criminal history category was inadequate. However, the record shows that the court did not depart from the Guidelines but rather that it decided to increase Rodriquez' offense level by two points for obstruction of justice.

2. Rodriquez did not dispute the fact that he gave an alias at the time of his arrest. Furthermore, the facts show that he continued to use a false name during the ensuing questioning until an agent recognized and identified him.

3. We do not decide whether the use of an alias at an earlier time or under different circumstances could constitute an obstruction of justice.

pede or obstruct the administration of justice," it should not justify an upward adjustment for the obstruction of justice. *Id.*

The Commentary to the Guideline on obstruction of justice explains that upward adjustment penalizes those who "willfully interfere with the *disposition of criminal charges,* in respect to the instant offense." *Id.,* emphasis added. Examples of obstruction of justice cited in the Commentary thus logically include destroying evidence, perjury, intimidating witnesses or jurors, and lying to probation officers preparing presentence reports. Judging from the type of examples it gave and its careful choice of words in its explanation, the Sentencing Commission must have envisioned application of this upward adjustment to specific conduct of a kind generally occurring *after* criminal charges issued and in the course of a court's disposition of those charges. Our circuit and others have applied the Guidelines for this narrow purpose.[1]

A simple rule that use of an alias justifies upward adjustment as an obstruction of justice cuts a gaping hole into the logical fabric of the Guideline. For example, use of an alias during commission of a crime and prior to arrest does not obstruct the subsequent administration of justice for that crime. Under the majority's statement of the Guideline, however, I fear that just such a broad application can result. Indeed, if we permit examination of conduct prior to arrest, we could hold that use of a gun to keep at bay an officer attempting arrest is obstruction of justice, or that flight is obstruction of justice, or that any evasion of arrest is obstruction of justice. When Rodriquez gave an alias to Border Patrol agents prior to his arrest in this case, he certainly was attempting to evade arrest. Under the Sentencing Commission's formulation of the Obstruction of Justice Guideline, however, attempts to evade arrest are not equivalent to attempts to obstruct justice.[2] The majority's opinion seems to blur this crucial distinction.

In an appropriate case we might determine that use of an alias indeed amounts to obstruction of justice as the Sentencing Commission envisioned obstruction. For example in *United States v. Irabor,* 894 F.2d 554, 556 (2nd Cir.1990), a case the majority cites, the defendant used an alias not only with the arresting officer, but also with the Pretrial Services officer after his arrest. Irabor's persistent use of an alias

1. See, e.g., such recent cases as *United States v. Irabor,* 894 F.2d 554, 556 (2nd Cir.1990) (Guideline applied where defendant destroyed evidence and used alias *after* arrest); *United States v. Wilson,* 904 F.2d 234, 235 (5th Cir.1990) (Guideline did not apply where defendant gave alias to private party prior to arrest; "Section 3C1.1 is meant to cover cases of destroying or concealing evidence, testifying untruthfully or suborning perjury, threatening witnesses or lying to an officer during the course of an investigation"); *United States v. Luna,* 909 F.2d 119 (5th Cir.1990) (per curiam) (Guideline did not apply where defendant concealed gun before report of and arrest for assault); *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.1990) (Guideline applied where defendant jumped bond before sentencing; failing to report to probation officer is equivalent to misleading officer); *United States v. Fozo,* 904 F.2d 1166, 1172 (7th Cir.1990) (Guideline applied where defendant attempted to influence witness); *United States v. Blackman,* 904 F.2d 1250, 1258–59 (8th Cir.1990) (defendant used aliases throughout commission of crime, but Guideline applied because he also used alias during a detention hearing and pre-bail interview for the offense charged); *United States v. Avila,* 905 F.2d 295, 297 (9th Cir.1990) (Guideline applied where defendant absconded from supervised release prior to sentencing); *United States v. Lofton,* 905 F.2d 1315, 1317 (9th Cir.1990) (Guideline applied where defendant's continued wire fraud from jail constituted lying to probation officer and necessitated correction of Presentence Report); *United States v. Barbosa,* 906 F.2d 1366, 1369–70 (9th Cir.1990) (Guideline applied where defendant gave false testimony at trial); *United States v. Wallace,* 904 F.2d 603, 605 (11th Cir.1990) (Guideline applied where defendant gave false testimony at trial); *United States v. Pritchett,* 908 F.2d 816 (11th Cir.1990) (Guideline applied where defendant plotted death of witness and continued to hide evidence of assets after indictment and arrest).

2. *See Wilson,* 904 F.2d at 235–36, regarding giving of an alias to private party prior to arrest: "Were we to countenance an offense level increase [for obstruction of justice] in this instance, then consistency would demand that we permit it in a case in which the defendant wears a mask, where he disguises his voice, he leaves town, uses gloves, and so forth. This is not the type of conduct intended to be covered by Section 3C1.1."

after arrest could well have impeded the administration of justice as the district court found. Similarly, in the majority's cited case of *United States v. Patterson*, 890 F.2d 69, 72 (8th Cir.1989), the defendant persisted in refusing accurately to identify himself even when he appeared before a magistrate. These facts again support a finding of obstruction of the administration of justice. We ought to insist, however, that when a district court cites use of an alias as an obstruction of justice, it can point as a matter of fact to how the alias impeded the administration of justice for the instant offense. *See United States v. Christman*, 894 F.2d 339, 342 (9th Cir. 1990) (whether defendant obstructed justice for purposes of the Guideline is a question of fact). I believe that use of an alias would then justify upward adjustment only when defendants employ aliases *after* arrest and in an attempt to thwart their prosecution.

Thus, even were the majority's opinion to stand merely for a narrower rule that use of an alias at the "time of arrest" justifies upward adjustment for obstruction of justice, the rule is still too vague. We should direct trial courts to examine the circumstances of the use of aliases at the "time of arrest" to support an actual fact finding that the defendant's alias impeded the administration of justice.

In Rodriquez's case, however, we should not reach even this precise application of the obstruction of justice Guidelines to use of aliases. The record reveals no indication of how Rodriquez's use of an alias impeded the administration of justice with regard to the offense for which he was sentenced. Moreover, Sentencing Guideline 3C1.1 specifically confines application of the upward adjustment for obstruction of justice to conduct occurring "during the investigation or prosecution of the *instant offense.*" (Emphasis added.) The record in this case reveals, however, that the district court applied the upward adjustment for Rodriquez's use of aliases *throughout* his prior criminal career. When notifying Rodriquez it was considering upward adjustments to his sentence, the district court referred to his prior arrests, stating, "I find it signifi-

cant ... the number of occasions that Mr. Rodriquez has used a false name in connection with his problems in the United States." At sentencing the district court stated, "I have departed from the guidelines set forth in the presentence report by four months, at the upper range, finding a justification for that through obstruction of justice, the defendant's use of false names, false name at time of his arrest." The district court thus not only failed to identify how use of an alias during the instant offense impeded the administration of justice, but it also expressly and impermissibly found justification for upward adjustment in Rodriquez's use of aliases in the past.

Under these circumstances, I would remand for resentencing. District courts require our clear instructions in these complex Guidelines cases. We should instruct the district court here that use of an alias prior to arrest for the instant offense does not justify upward adjustment for obstruction of justice. In the appropriate case, moreover, we should instruct district courts that use of an alias after arrest may justify upward adjustment when use of the alias is indeed an attempt to impede the administration of justice with regard to the instant offense.