951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. HYDE, Defendant-Appellant.
 No. 90-10640.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided Dec. 19, 1991.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 MEMORANDUM**
 Robert J. Hyde appeals his sentence, imposed pursuant to the United States Sentencing Guidelines (Guidelines), following his guilty pleas to bank fraud, in violation of 18 U.S.C. § 1344. Hyde contends that the district court erred by increasing his base offense level by two levels for obstruction of justice pursuant to Guidelines section 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the sentence.
 Whether a defendant obstructed justice under the Guidelines is a question of fact reviewed for clear error. United States v. Rodriquez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990). Whether conduct constitutes obstruction of justice is a question of law reviewed de novo. See United States v. Mondello, 927 F.2d 1463, 1465 (9th Cir.1991).
 Guidelines section 3C1.1 allows the district court to adjust upward a defendant's base offense level if the defendant "willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation ... of the instant offense...." U.S.S.G. § 3C1.1.[1] In determining whether the adjustment is appropriate, the district court may consider conduct that occurs before judicial proceedings are initiated. Rodriquez-Macias, 914 F.2d at 1205. The district court may increase a defendant's offense level under section 3C1.1 "when a defendant's conduct has a material effect on the government's investigative efforts...." United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), cert. denied, 111 S.Ct. 365 (1990). " 'Mere flight in the immediate aftermath of the crime' does not justify the enhancement." United States v. Garcia, 909 F.2d 389, 392 (9th Cir.1990) (citation omitted).[2] Nevertheless, the enhancement is appropriate when a defendant attempts to "escape justice and not just the scene of a crime." Mondello, 927 F.2d at 1467, n. 4.
 According to the PSR, which the district court adopted, Hyde embezzled over $250,000 from elderly women who entrusted their savings to him. He established bank accounts under false identities, changed his name several times, presented fraudulent documents bearing his assumed names, moved from California to Texas to Oklahoma, used false Social Security Numbers, and underwent plastic surgery to change his facial features. Hyde went so far as to mail a letter to the FBI stating that Jay Overbey, one of his aliases, had died. Approximately seven months after he was indicted, Hyde was arrested following an episode of "America's Most Wanted," which featured Hyde's offense.
 Hyde argues that the base offense level for fraud and deceit takes into account his evasive conduct following the embezzlement.[3] He also contends that his conduct amounts to flight from the crime and is not a proper basis for enhancement under section 3C1.1. These claims are meritless. Hyde's conduct went beyond "mere flight in the immediate aftermath of the crime." See Mondello, 927 F.2d at 1467. By changing his name, appearance, and residence, Hyde impeded the government in its investigative efforts. See Lofton, 905 F.2d at 1317 (continued criminal activity warrants upward adjustment). Based on these circumstances, Hyde clearly obstructed the administration of justice and the district court properly enhanced his base offense level under Guidelines section 3C1.1. See Mondello, 927 F.2d 1467.
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Hyde was sentenced after the effective date of the November 1990 amendments to the Guidelines, the offense conduct occurred sometime between April 1989 and October 1989. See Presentence Report (PSR) at 16. Accordingly, the probation officer preparing Hyde's PSR applied the Guidelines applicable at the time of the offense, not at the time of sentencing. Neither party challenges this application
 
 
 [2]
 The November 1990 amendments to the Guidelines clarified the operation of section 3C1.1 and explicitly addressed the danger associated with flight from a law enforcement officer. See U.S.S.G. § 3C1.2
 
 
 [3]
 Hyde relies on United States v. Werlinger, 894 F.2d 1015 (8th Cir.1990) where the defendant was convicted of embezzlement and sentenced under Guidelines section 2B1.1. Id. at 1017. In Werlinger, the defendant attempted to conceal his crime by making false entries into record books. Id. The Eighth Circuit found this conduct to be encompassed within the offense of embezzlement and not a basis for enhancement. Id. at 1019. Here, Hyde's conduct went beyond concealing his crime during its commission. He took affirmative steps to circumvent justice after the completion of the crime. Therefore, Hyde's reliance is misplaced. See Mondello, 927 F.2d at 1467