959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Debra Kay GARZA, Defendant-Appellant.
 No. 91-30100.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1992.
Submission withdrawn March 3, 1992.
Resubmitted April 2, 1992.
April 6, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 MEMORANDUM*
 * Because the district court relied on at least two permissible bases in imposing the obstruction of justice enhancement, we find no error.
 
 
 1
 Following a limited remand, the district court made clear that it imposed the obstruction of justice enhancement for three reasons: (1) Garza's lies to the police; (2) her untruthful statements to probation; and (3) her false guilty plea. According to the court, each reason independently justified the enhancement. The court would have imposed the enhancement if only one of the three had been present, regardless of which two of the three were missing.
 
 
 2
 Garza's lies to the police and to the probation officer are both permissible bases for imposing an obstruction of justice enhancement. See, e.g., United States v. Rodriquez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990). We need not consider whether Garza's false guilty plea could support the enhancement, because the court would have imposed the enhancement even absent the false plea. Cf. Williams v. United States, 60 U.S.L.W. 4206, 4209 (March 9, 1992).
 
 II
 
 3
 A defendant whose sentence is enhanced for obstruction of justice is not ordinarily entitled to an adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 4). Nor does a guilty plea entitle a defendant to the adjustment as a matter of right. Id. § 3E1.1(c). We accord the district court great deference in determining whether to grant the adjustment, in recognition of its "unique position to evaluate a defendant's acceptance of responsibility." Id. comment. (n. 5).
 
 
 4
 Given that we find no error in the court's imposition of the obstruction of justice enhancement, we see no clear error in the court's refusal to grant the adjustment for acceptance of responsibility.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3