967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Kevin Delmont FOSTER, Defendant/Appellant.
 No. 91-10186.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 15, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 MEMORANDUM***
 Kevin Delmont Foster appeals from the sentence entered upon his conviction for unarmed bank robbery and for attempted unarmed bank robbery. He argues that the district court committed clear error by enhancing his base offense level under the Sentencing Guidelines by two points for obstruction of justice and by failing to reduce his base offense level by two points for acceptance of responsibility.
 
 
 1
 We conclude that the district court's factual determinations that Foster had obstructed justice by giving perjurious trial testimony and had failed to accept responsibility for his crimes were not clearly erroneous. Accordingly, we affirm the judgment of the district court.
 
 
 2
 Jurisdiction was proper in the district court under 18 U.S.C. § 3231. We have appellate jurisdiction based on 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(b), Fed.R.App.P.
 
 
 3
 The district court's application of the sentencing guidelines is reviewed de novo. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). We review for clear error the district court's finding that the defendant obstructed justice. United States v. Rodriquez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990) (per curiam). We also review for clear error the district court's determination that the defendant has failed to accept responsibility for the crime. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991).
 
 I.
 
 4
 On July 23, 1990, Foster was arrested for robbing the First Interstate Bank in San Francisco. After waiving his Miranda rights, Foster confessed to his involvement in nine unarmed bank robberies in the San Francisco area. Foster admitted that he had robbed the banks but stated that Jerome Smith, a/k/a Ahmed Abel Aziz, who was with him at the time of his arrest, was not aware of the robberies. A federal grand jury subsequently indicted Foster on eight counts of unarmed bank robbery and on one count of attempted unarmed bank robbery.
 
 
 5
 At trial, however, Foster gave a different version of events. He testified that Jerome Smith kidnapped him in Baltimore and drove him to San Francisco against his will, and that Smith and "two other guys" forced him to commit the robberies. He testified that Smith threatened to hurt his grandmother, and that it was his fear for his grandmother's safety that induced him to commit the crimes. He stated that Smith and the "two other guys" were always with him, leaving him no opportunity to escape. Foster also claimed that his low I.Q. and reading deficiencies made him particularly susceptible to Smith's influence.
 
 
 6
 The government established several inconsistencies in his testimony. For example, on direct, Foster claimed that he was kidnapped and driven to California; on cross-examination, he admitted that he drove part of the way. He stated on direct that after he met Smith in 1984, he did not see him again until 1989; on cross, he acknowledged that he and Smith had purchased a car together in 1987. On direct, Foster claimed that he was with Smith and the "other guys" 24 hours a day; in rebuttal, the government proved that Foster was alone in an audio store prior to one of the robberies and thus had at least one opportunity to escape.
 
 
 7
 On December 14, 1990, the jury convicted Foster on all nine counts. During the presentence investigation, the probation officer observed that Foster's trial testimony had contradicted his initial confession. The probation officer concluded that Foster had obstructed the administration of justice under U.S.S.G. § 3C1.1 by falsely testifying and recommended a two-level increase in Foster's offense level under the guidelines. The probation officer recommended against the award of a two-level reduction for acceptance of responsibility.
 
 
 8
 At the sentencing hearing on March 22, 1991, the district court accepted the probation officer's recommendations. The court stated:
 
 
 9
 Well, I do find that the defendant did not at a significant time accept responsibility, and the presentation of a defense [of duress] based upon false testimony certainly doesn't establish acceptance of responsibility. Quite to the contrary, it does establish an obstruction of justice, and I will find that the Probation Officer's recommendation on both of those points would be appropriate. And that being so, the guideline range is eighty-seven to a hundred and eight months.
 
 
 10
 E.R. 4 at 7. The district court sentenced Foster to 108 months imprisonment and three years of supervised release. The court ordered him to pay a special assessment of $450 and to make restitution in the amount of $4,273.
 
 II.
 
 11
 Foster argues that the district court committed clear error when it enhanced his sentencing guideline range by two levels for obstruction of justice under U.S.S.G. § 3C1.1. This section permits a court to increase a defendant's offense level by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."
 
 
 12
 We have acknowledged that false testimony will support a finding of obstruction of justice and a two-level increase under section 3C1.1. United States v. Barbosa, 906 F.2d 1366, 1369-70 (9th Cir.) ("This court ... has consistently recognized the propriety of a sentencing court's enhancing a sentence because of false testimony by a defendant."), cert. denied, 111 S.Ct. 394 (1990). Foster asks us to disregard this precedent and to follow United States v. Dunnigan, 944 F.2d 178 (4th Cir.1991), cert. granted, 60 U.S.L.W. 3793 (U.S. May 26, 1992) (No. 91-1300), in which the U.S. Court of Appeals for the Fourth Circuit held that enhancing a defendant's sentence for obstruction of justice based upon untruthful trial testimony places an intolerable burden on the defendant's right to testify on her own behalf. Id. at 182-85. As Foster concedes, however, Dunnigan is not the law of this court. We are bound by the teachings of Barbosa.
 
 
 13
 Given the inconsistencies between Foster's confession and trial testimony, and the government's presentation of evidence contradicting his claim of duress, we find no clear error in the district court's finding that Foster's trial testimony was perjurious. See Barbosa, 906 F.2d at 1370. We affirm the district court's two-level increase in Foster's base offense level for obstruction of justice under U.S.S.G. § 3C1.1.
 
 III.
 
 14
 Foster next contends that the district judge erred in failing to reduce his sentencing guideline range by two levels for acceptance of responsibility. The guidelines permit a two-level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. As a general rule, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Id., comment (n. 4).
 
 
 15
 The Sentencing Commission has recognized that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Id., comment (n. 5).
 
 
 16
 Having concluded that the district court did not err when it found that Foster had obstructed justice by testifying untruthfully at trial, we cannot say that the court committed clear error when it also found that Foster had failed to accept personal responsibility for his crimes. The basis for his defense was that Smith and "two other guys" were responsible for the robberies. We affirm, therefore, the district court's refusal to award Foster a two-level reduction in his base offense level for acceptance of responsibility.
 
 IV.
 
 17
 We have considered all of Foster's contentions. The district court's judgment of sentence is
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3