985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aaron JACKSON, a/k/a Donovan Salmon, Defendant-Appellant.
 No. 90-50407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 MEMORANDUM**
 Aaron Jackson appeals his sentence imposed following entry of a guilty plea to two counts of robbery of a bank or savings and loan association in violation of 18 U.S.C. § 2113(a). Jackson contends that the district court erred by making an upward adjustment in his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 1
 The government contends that Jackson's release from custody for the instant offense renders this appeal moot. This argument lacks merit.
 
 
 2
 Where review could result in an earlier end to a defendant's term of supervised release, the appeal is not moot despite the defendant having already served the period of imprisonment. United States v. Smith, No. 91-50029, slip op. 14241, 14246 (9th Cir. Dec. 9, 1992). Here, Jackson would be entitled to an earlier end to his five-year term of supervised release if we agreed with his argument that he should have been sentenced to a shorter term of imprisonment.[1] Because his sentence included a term of supervised release that could be affected by review, the instant appeal is not moot. Id.
 
 
 3
 We review for clear error a district court's finding of obstruction of justice. United States v. Rodriguez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990).
 
 
 4
 The applicable version of section 3C1.1 at the time of sentencing mandated a two-level upward adjustment where "the defendant willfully impeded or obstructed, or attempted to impede or obstruct, the administration of justice during the investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 (1988).[2] Use of an alias may constitute obstruction of justice. Rodriguez-Macias, 914 F.2d at 1205. Actual prejudice to the government is not required; false information that has potential for obstructing justice is considered material. United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990). Further, "providing materially false information to a judge or magistrate" is an example of conduct to which the enhancement applies. U.S.S.G. § 3C1.1, comment. (n. 3(f)).[3]
 
 
 5
 During the arraignments on the complaint and the indictment, Jackson advised the magistrate judge and the district judge that his true name was Donovan Salmon and that Aaron Jackson, the name he gave upon arrest, was an alias. The district judge amended the indictment to reflect this purported true name. Almost two months later, Jackson revealed through his attorney that his true name was, in fact, Aaron Jackson. Relying on this conduct, the presentence report recommended an upward adjustment for obstruction of justice because Jackson "attempted to hide his true identity and thus thwart the presentence investigation." The district court made the upward adjustment, stating that the confusion over Jackson's true name "caused a good deal of extra investigatory work."
 
 
 6
 Because Jackson made material false statements regarding his use of an alias on two occasions to the court, the district court did not clearly err by finding that his conduct supported an upward adjustment for obstruction of justice. See U.S.S.G. § 3C1.1, comment. (n. 3(f)); Rodriguez-Macias, 914 F.2d at 1205; Baker, 894 F.2d at 1084.
 
 
 7
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 8
 I believe that the finding that Aaron Jackson a/k/a Donovan Salmon obstructed justice is clear error. He provided both his names, his alias and his real name, to officialdom from the beginning. Thus his misidentification of one rather than the other as his true name cannot have unduly interfered with the operations of government. Accordingly, I do not believe the Guidelines warrant an increase in sentence for that conduct.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jackson's term of supervised release for the instant case has yet to be served. He was released on February 14, 1991, and then arrested for committing another bank robbery on February 15, 1991. For this robbery, he was sentenced to 48 months' imprisonment and three years' supervised release. His five-year term of supervised release in the instant case will run concurrently with this three-year term of supervised release once he is released from prison. See 18 U.S.C. § 3624(e)
 
 
 [2]
 Subsequent amendments to the text of section 3C1.1 are not relevant to the disposition of this case
 
 
 [3]
 The commentary to section 3C1.1 was amended subsequent to Jackson's sentencing by the addition of application note 3(f). Because the amendment is clarifying rather than substantive, application note 3(f) has "substantial weight." See United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991)