927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon EARLY, Defendant-Appellant.
 No. 90-5168.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1991.
 
 On Appeal from the United States District Court for the Western District of Tennessee, 89-20028, GIBBONS, J.
 W.D.Tenn.
 AFFIRMED.
 Before NELSON and ALAN E. NORRIS, Circuit Judges; and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Defendant, Leon Early, appeals his conviction and sentencing for aiding and abetting a codefendant in the possession of cocaine with intent to distribute. Defendant challenges the district court's decision to add two points to his guidelines sentence score for attempting to obstruct justice by throwing a bag of cocaine off a balcony as arresting officers approached. In addition, he challenges the sufficiency of the evidence to support the guilty verdict, and questions the trial judge's refusal to reread certain testimony to the jury.
 
 BACKGROUND
 
 2
 Memphis Police Officers, Don Lewis and his partner, arrived at an apartment complex in response to a radio dispatcher's call indicating that a drug sale was in progress. Officer Lewis testified that he saw defendant and two other males on a second-story balcony and that, as he watched, defendant and the others exchanged money for an indiscernible object. Lewis said that defendant "tossed" a small bag "over the balcony" when he saw the officers approach. After defendant had been apprehended, Lewis retrieved the small ziplock sandwich bag which he said defendant "threw off the porch." It contained crack cocaine.
 
 
 3
 Just before the jury began its deliberations, two jurors sent the trial judge notes inquiring as to certain facts of the case. In response to one request, defense counsel asked that testimony be reread to the jury in order to clarify what counsel referred to as a mischaracterization of the facts by the prosecution during closing argument. The judge denied defense counsel's proposal saying that lifting testimony out of context at this time could prove confusing to the jury. Instead, she advised members of the jury to rely upon their own recollection of the case, even if it were to conflict with a lawyer's statement of the facts.
 
 DISCUSSION
 
 4
 The most difficult question raised by the appeal is whether defendant's conduct, in throwing the cocaine off the balcony as officers approached, can be characterized as an obstruction of justice for sentencing purposes.
 
 
 5
 Section 3C1.1 of the Sentencing Guidelines is entitled "Willfully Obstructing or Impeding Proceedings" and provides that "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels." United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1989). According to the commentary, "this section provides a sentence enhancement for a defendant who engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding, or otherwise to willfully interfere with the disposition of criminal charges, in respect to the instant offense." Id. One of the application notes says that "[t]he following conduct, while not exclusive, may provide a basis for applying this adjustment: ... (a) destroying or concealing material evidence, or attempting to do so." Id.
 
 
 6
 Defendant argues that, while section 3C1.1 of the guidelines may be intended to cover overt acts of destruction of evidence, it does not apply to an attempt to disassociate one's self from evidence by merely dropping it, since that may be spontaneous, as opposed to willful, conduct. He likens the conduct to spontaneous flight, which he says could not qualify as obstruction of justice under the guidelines. Indeed, several courts have held that the mere act of instinctive flight to avoid apprehension does not amount to obstruction of justice. See United States v. Stroud, 893 F.2d 504, 507 (1st Cir.1990); see also United States v. Garcia, 909 F.2d 389, 392 (9th Cir.1990).
 
 
 7
 On the other hand, the government argues that the district court properly assessed the two points for obstruction of justice and cites two recent court opinions as supporting that position. In the first, the Court of Appeals for the Eleventh Circuit held that a defendant who removed his cap containing stolen social security checks and threw it under a parked vehicle when approached by a postal inspector, was properly assessed a two-level increase for obstruction of justice. United States v. Cain, 881 F.2d 980, 982 (11th Cir.1989). And, the Fifth Circuit in United States v. Galvan-Garcia, 872 F.2d 638, 639-41 (5th Cir.), cert. denied, 107 L.Ed.2d 122 (1989), held that the trial court appropriately applied the enhancement where the defendant attempted to conceal evidence by tossing bags of marijuana out of the window of his vehicle as he fled from border patrol agents.
 
 
 8
 In appeals from guideline sentencing, we are to "accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e); see also United States v. Williams, 894 F.2d 208, 213-14 (6th Cir.1990). Surely, under some circumstances, the act of throwing evidence can amount to a willful attempt to conceal the evidence. Under other circumstances, it might not. The facts underlying the two cases cited above are examples of the former, while lobbing a bag of crack at a police officer as he approaches might illustrate the latter. Here, defendant did not merely drop the bag at his feet. Whether what he actually did amounted to a willful attempt to conceal the bag is a question of fact and, on appeal, its resolution is subject to the clearly erroneous standard of review. There is no need for us to determine whether throwing evidence away is analogous to instinctive flight and whether such flight can amount to obstruction of justice, since the issue before us can be resolved by reference to specific language in the application notes about "concealing material evidence". The notes do not furnish specific language to which one may refer when measuring the effect of flight. Upon the evidence, then, and with reference to the appropriate standard of review, it was not error for the district judge to conclude that defendant threw the bag of cocaine from the balcony in a calculated and willful attempt to conceal it from the police.
 
 
 9
 Defendant's next contention is that the district court erred in denying his motion for judgment of acquittal, since he claims there was insufficient evidence to support a conviction. However, in view of his failure to have renewed his motion for acquittal at the close of all the evidence, defendant waived any objection to the denial of his earlier motion for acquittal. United States v. Faymore, 736 F.2d 328, 334 (6th Cir.), cert. denied, 469 U.S. 868 (1984).
 
 
 10
 Defendant next argues that the district court erred in refusing to read certain testimony in response to requests from two individual jurors. The requests came before deliberations began. The first juror asked who had taken a camera case and whether the officers had testified on that point. The second asked for specific testimony regarding automobile repair costs.
 
 
 11
 In the course of discussing the requests with counsel, the district judge commented that
 
 
 12
 [t]hey need to calm down and talk about the case for a while....
 
 
 13
 Obviously, there was proof in the record about that [the camera case], but it is up to him to remember what it was but not for me to tell him what I recall it to be.
 
 
 14
 .............................................................
 
 
 15
 ...................
 
 
 16
 * * *
 
 
 17
 ... My general rule is this. If it is as clear as you say, the jurors will remember it that way. I will give them an instruction that if the lawyers recollection of it differs from theirs, they are to be guided by their own recollection.
 
 
 18
 .............................................................
 
 
 19
 ...................
 
 
 20
 * * *
 
 
 21
 ... [T]here is no reason that fairness requires singling out a particular part of the testimony and having them consider it.... I can think of only the rarest circumstances in which it would be appropriate for a judge in response to jury questions to have the court reporter start reading out little bits and pieces of proof.
 
 
 22
 .............................................................
 
 
 23
 ...................
 
 
 24
 * * *
 
 
 25
 ... This jury hasn't even begun to work. These are two questions from two individual jurors who believe their own recollection about something may be faulty.... [W]e are not going to start reading testimony at this point.
 
 
 26
 The standard for reviewing a district court's decision about reading testimony to the jury is abuse of discretion. United States v. Padin, 787 F.2d 1071, 1076 (6th Cir.), cert. denied, 479 U.S. 823 (1986). The court in Padin listed the two factors which control consideration of a request to have testimony read to the jury: the reasonableness of the request and the difficulty of complying with it. Id. In that opinion, we noted "two inherent dangers in reading testimony to a jury during its deliberations. First, undue emphasis may be accorded such testimony.... Second, the limited testimony that is reviewed may be taken out of context by the jury." Id.
 
 
 27
 Because the trial judge appropriately responded to the requests from the two jurors, no error has been demonstrated.
 
 CONCLUSION
 
 28
 Defendant's conviction and sentence are affirmed.