941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald WILLIAMS, Defendant-Appellant.
 No. 89-5762.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1991.
Decided Aug. 22, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-89-161-A)
 Charles G. Aschmann, Jr., Aschmann & Aschmann, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Dennis M. Kennedy, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Reginald Williams appeals his conviction of assault (18 U.S.C. § 113(f)) and the guideline sentence imposed. We affirm.
 
 
 2
 A fellow inmate at Lorton Reformatory identified Williams as the man who stabbed him repeatedly after a discussion or disagreement about use of the phone. Although Williams himself and several alibi witnesses testified in his defense, the jury convicted Williams of assault causing serious bodily injury.* Counsel for Williams has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raises the issues discussed below. Williams has been notified of his right to file a supplemental brief, but has failed to exercise his right in this regard.
 
 
 3
 Williams first argues that the evidence was insufficient to convict. We find the victim's testimony sufficient to establish Williams' guilt. The jury was called upon to decide whether Williams or the victim was more credible, and the jury's decision is final. Pigford v. United States, 518 F.2d 831 (4th Cir.1975).
 
 
 4
 Williams also renews here the objections he made during sentencing to the computation of his sentence. He first contends that an upward adjustment for obstruction of justice was improper. The presentence report suggested the adjustment because Williams had apparently hidden the weapon (a homemade knife or "shank") in the ceiling of the lavatory where the attack took place. Over Williams' objection, the district court made the adjustment. We review first the fact-finding that Williams hid the shank and find it not clearly erroneous. Next, reviewing the determination that this conduct amounted to obstruction of justice, we employ a de novo standard and affirm.
 
 
 5
 Conduct occurring before an investigation begins cannot be obstruction of justice. United States v. Luna, 909 F.2d 119 (5th Cir.1989) (hiding gun several hours before investigation began not obstruction); United States v. Galvan-Garcia, 872 F.2d 638 (5th Cir.) (throwing marijuana out of car during chase is obstruction), cert. denied, 58 U.S.L.W. 3217 (U.S.1989); United States v. Roberson, 872 F.2d 597 (5th Cir.) (hiding stolen credit card in police car is obstruction), cert. denied, 58 U.S.L.W. 3217 (U.S.1989).
 
 
 6
 Actions taken almost simultaneously with the offense can constitute obstruction of justice. See United States v. Cain, 881 F.2d 980 (11th Cir.1989) (hiding stolen mail under car when approached by authorities). The court in Cain rejected the defendant's argument that the obstruction of justice guideline should apply only to conduct which occurred following the offense during a judicial proceeding.
 
 
 7
 In this case, the victim went to a guard station after he was stabbed and the investigation began within minutes. Williams hid the shank before the first officers appeared to begin the investigation and shakedown; however, he could expect the investigation to start immediately. His action in hiding the weapon did impede the investigation and also hampered his prosecution. Although it is a close question, we find that Williams' action is much like the conduct of the defendant in Cain. We therefore find that the district court's determination that Williams obstructed justice is not erroneous.
 
 
 8
 Finally, Williams contends that he should have received a downward adjustment for acceptance of responsibility and that his criminal history was inaccurate. Neither contention has merit. Although he accepted responsibility for his past unrelated criminal conduct, Williams never admitted being responsible for this crime, and thus is not entitled to the adjustment. United States v. Martinez, 901 F.2d 374 (4th Cir.1990). The two prior sentences which he claims should have been treated as one were not related cases as defined in U.S.S.G. § 4A1.2(a)(2) because they involved separate offenses and were imposed on different dates. See § 4A1.2, comment. (n. 3).
 
 
 9
 As required by Anders, supra, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no frivolous grounds for appeal. We therefore affirm the conviction and sentence.
 
 
 10
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. Counsel's motion to withdraw and Williams' motion for new counsel are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The jury was unable to reach a verdict on the remaining counts: assault with a dangerous weapon with intent to do bodily harm (18 U.S.C. § 113(c)) and possession of a dangerous weapon (18 U.S.C. § 13 assimilating Va.Code Ann. 53.1-203(4)). These counts were dismissed on the government's motion