929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Neil Ira KROOP, Defendant-Appellant.
 No. 90-5221.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1991.
Decided March 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-90-198-A)
 Joseph J. McCarthy, Dawkins, Hanagan, McCarthy & Sengel, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Marcus J. Davis, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Neil Ira Kroop pled guilty to two counts of making false statements to a firearms dealer (18 U.S.C. Secs. 922(a)(6) and 924(a)(1)(B)) and two counts of being a felon in possession of a firearm (18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B)). He appeals the guideline sentence imposed, contending that the district court erred in finding that he obstructed justice and in denying him a reduction in the offense level for acceptance of responsibility. We affirm.
 
 
 2
 When interviewed by the probation officer and asked about his prior record, Kroop failed to disclose two recent convictions. They were later discovered by the probation officer, who then asked to reinterview Kroop. On the advice of his lawyer, Kroop refused to be interviewed again. The presentence report recommended that Kroop be given an increase of two offense levels for obstruction of justice under U.S.S.G. Sec. 3C1.1 and denied a two-level reduction for acceptance of responsibility. Sec. 3E1.1. The addition of the offenses Kroop attempted to conceal changed his criminal history score, but did not change his criminal history category.
 
 
 3
 Application note 1(e) to Sec. 3C1.1 states that obstruction of justice may be found when a defendant furnishes a material falsehood to a probation officer in the course of a presentence investigation. At the sentencing hearing, Kroop argued that mere silence on his part about certain prior convictions did not amount to obstruction of justice under the guideline. After hearing testimony by the probation officer, the district court decided that Kroop's attempt to conceal a part of his criminal record was obstruction of justice because it was a deliberate attempt to mislead the probation officer, just as an affirmative misrepresentation would have been. The district court also found that the concealment was material even though the additional convictions did not change Kroop's criminal history category, because they could affect the district court's ultimate decision about what sentence he should receive within the guideline range.
 
 
 4
 This determination is reviewed de novo since it involves interpretation of a guideline term. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). We find that the district court's decision is correct. See United States v. Beard, 913 F.2d 193, 199 (5th Cir.1990) (refusal to answer questions about financial status); United States v. Paden, 908 F.2d 1229 (5th Cir.1990), (failure to disclose portion of criminal history), cert. denied, 59 U.S.L.W. 3462 (U.S.1991); United States v. Baker, 894 F.2d 1083 (9th Cir.1990) (failure to disclose prior convictions).
 
 
 5
 When an increase for obstruction of justice is made, a reduction for acceptance of responsibility is justified only in exceptional circumstances. Sec. 3E1.1, comment. (n. 4). Because none are present here, the reduction for acceptance of responsibility was properly denied.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.