21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny STEWART, Defendant-Appellant.
 No. 93-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Stewart appeals his sentence of thirty months imposed following entry of a guilty plea to conspiracy to defraud the United States by obtaining and aiding to obtain the payment of false claims in violation of 18 U.S.C. Secs. 2, 286. Stewart contends the district court erred by finding he was an organizer or leader of the offense. Stewart also contends a remand is necessary for the district court to clarify its basis for rejecting a downward departure. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm in part and dismiss in part.
 
 
 3
 * Background
 
 
 4
 According to the stipulated statement of facts, Stewart, Jerry Mackey, and Rick Reed planned a two-part scheme to obtain fraudulent income tax refunds. In part one, the conspirators created false tax forms using aliases, submitted them to independent tax return preparers for electronic filing, and obtained refund anticipation loans from banks. In part two, the conspirators obtained computer software to prepare and transmit claims for refunds directly to the Internal Revenue Service.
 
 
 5
 In furtherance of the conspiracy, Stewart obtained two false identification cards and created two fraudulent temporary social security cards. As others joined the conspiracy, Stewart helped them prepare the necessary tax forms. Stewart brought his sister and brother into the conspiracy and received part of their proceeds. Stewart applied for and purchased the software necessary to file tax returns electronically. Mackey installed the computer at Stewart's house.
 
 
 6
 The presentence report concluded that Stewart was an organizer of the scheme because he applied for the software and had it installed on his computer, applied for credit cards using aliases and used one to purchase the software, directed Mackey to apply for a post office box, recruited coconspirators to file returns and cash checks, and created the false tax forms and social security cards. During his presentence interview, Stewart stated that he had brought his sister and brother into the scheme and explained the nuances of the scheme to them.
 
 II
 
 7
 Adjustment for Aggravating Role in the Offense
 
 
 8
 Stewart concedes that given the extent of his activities he was a manager or supervisor, but argues that he does not qualify for the organizer or leader adjustment. He contends that he was not the "absolute" leader because the organization was loose, haphazard, and based on casual relationships and because he did not fully control or actively recruit others. Stewart's argument is not persuasive.
 
 
 9
 We review for clear error the factual finding that a defendant was an organizer or leader of criminal activity. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 
 10
 When adjusting the offense level for the defendant's role in a criminal activity that involved five or more participants or was otherwise extensive, the Guidelines provide for a four-level upward adjustment if the defendant was an "organizer or leader" and a three-level adjustment if the defendant was a "manager or supervisor." U.S.S.G. Sec. 3B1.1(a), (b). To distinguish between a leadership or organizational role from one of mere management or supervision, the court considers
 
 
 11
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 12
 U.S.S.G. Sec. 3B1.1, comment. (n. 3).
 
 
 13
 By arguing that he did not make decisions or control others, Stewart focuses on the leadership aspect of the adjustment. Nonetheless, the adjustment may be appropriate when "a defendant organizes others in the commission of the criminal activity even though he does not retain a supervisory role over the other participants." United States v. Varela, 993 F.2d 686, 691 (9th Cir.), cert. denied, 114 S.Ct. 232 (1993). Here, Stewart planned the scheme from the outset, then created the tax forms and obtained false identification cards, credit cards, and social security cards necessary to operate the scheme. See United States v. Baker, 894 F.2d 1083, 1085 (9th Cir.1990) (leadership adjustment appropriate when defendant confessed to thinking up the scheme and had arranged for phony licenses and credit cards). He used his residence as a base of operations. Cf. United States v. Tamez, 941 F.2d 770, 777 (9th Cir.1991) (ownership of building in which drug traffickers operated was insufficient by itself to find defendant was organizer). He brought his sister and brother into the scheme, instructed them on its operation, and took a share of their proceeds. See United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993) (leadership adjustment applied to defendant who directed others and stood to profit most from the transaction); cf. United States v. Hernandez, 952 F.2d 1110, 1119 (9th Cir.1991) (three-level adjustment appropriate when defendant recruited and explained duties to two others), cert. denied, 113 S.Ct. 334 (1992). He also instructed Mackey to open the post office box which was used throughout the scheme. See Roberts, 5 F.3d at 371 (directing others is factor). On these facts, we conclude the district court did not clearly err in making the four-level upward adjustment.
 
 III
 Discretionary Refusal to Depart
 
 14
 Stewart contends the district court did not make clear whether it was refusing to depart on legal or discretionary grounds, thus we must remand for clarification. We disagree.
 
 
 15
 We will not review a district court's discretionary refusal to depart downward. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990).
 
 
 16
 Based on the disparity between the intended loss for the entire conspiracy ($455,120.00) and the amount Stewart derived from the offense ($77,000.00), Stewart asked the district court to depart downward by analogy to Section 2X1.1(b)(2), which applies to partially completed conspiracies. After hearing argument from both parties, the district court stated, "I reject the defense contentions with regard to downward departure" and sentenced Stewart to mid-range sentence of thirty months because "the amount of loss was not the intended amount."
 
 
 17
 Here, the district court entertained argument on Stewart's position and exercised its discretion to reject it. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992) (refusal to depart was discretionary when district court had entertained briefs and oral arguments and concluded departure was not warranted); United States v. Koenig, 952 F.2d 267, 273-74 (9th Cir.1991) (district court's comments reflected that it based sentence on facts and culpability, not because it lacked authority to depart due to disparity between intended and actual loss). This conclusion is further supported by the imposition of a sentence in the middle of the guidelines range. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). Therefore, we have no jurisdiction over this issue. See Morales, 898 F.2d at 102.
 
 
 18
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3