32 F.3d 561
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Robert PARKER, Defendant, Appellant.
 No. 94-1213
 United States Court of Appeals,
First Circuit.
 August 15, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge ]
 Cerise Lim-Epstein, Mary M. Diggins and Goodwin, Procter & Hoar on brief for appellant.
 Donald K. Stern, United States Attorney, and Mark W. Pearlstein, Assistant U.S. Attorney on brief for appellee.
 D.MASS.
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant, Robert Parker, pled guilty to all counts of a twenty-count indictment charging him with making and presenting false claims, in violation of 18 U.S.C. Sec. 287, and mail fraud, in violation of 18 U.S.C. Sec. 1341. The district court sentenced him to 37 months in prison. Parker appeals his sentence on the sole ground that the district court erred in increasing his base offense level by two levels pursuant to U.S.S.G. Sec. 3C1.1 for obstruction of justice. The increase placed him in a sentencing guidelines range of 33 to 41 months, instead of the range of 30 to 37 months. We affirm.
 
 I. Background
 
 2
 In sentencing Parker, the district court adopted the recommendation contained in the presentence investigation report ("PSR") that the base offense level be increased by two levels pursuant to Sec. 3C1.1, which provides as follows:
 
 
 3
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 4
 U.S.S.G. Sec. 3C1.1. The commentary to Sec. 3C1.1 includes as an example of the type of conduct to which the obstruction of justice enhancement applies, "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. Sec. 3C1.1, comment (n.3).[1]
 
 
 5
 In explaining the recommended increase for obstruction of justice, the PSR recounted that the probation officer who prepared that report specifically asked Parker if he had ever been arrested while living in Kansas from 1978 to 1986. Parker replied that he had been arrested for driving under the influence and had been placed on probation for one year. He failed to mention any other arrests. A subsequent local record check by a federal probation office in Kansas revealed that Parker had been arrested there in 1984 for two counts of burglary and two counts of criminal damage to property. Parker had pled guilty to felony and misdemeanor charges of criminal damage to property and had received a suspended prison sentence of 1 to 3 years.[2]
 
 
 6
 In his objection to the PSR, Parker contended that his failure to inform the probation officer about his other Kansas arrests was not willful. He explained the omission as follows:
 
 
 7
 The charges to which the Presentence Report refers arose out of Mr. Parker's destroying his wife's property in the home that he formerly shared with his wife. Although Mr. Parker soon thereafter became divorced, at the time of the incident he was still married and was a co-owner of the home. It was and is Mr. Parker's memory and understanding that the whole matter was handled informally and was connected to his divorce. At his divorce hearing his wife's attorney brought up the matter of the damaged property. As part of the divorce decree Mr. Parker was ordered to pay her restitution. Immediately after the divorce hearing Mr. Parker went to the courthouse next door and pled guilty to what he believed was a misdemeanor for damaging his wife's property. It was his understanding that he could be charged with a more serious crime and/or sentenced to imprisonment if he failed to pay restitution.
 
 
 8
 At the interview with the Probation Officer on November 15, 1993, Mr. Parker stated in the presence of the officer and his attorney that he had been ordered to pay his wife restitution. Mr. Parker did not explain the background of the restitution order to the Probation Officer because of his (Mr. Parker's) understanding that it was an informal incident related to his divorce.
 
 
 9
 The probation officer, in his response to this objection, noted that the records received from Kansas contained nothing to indicate that the defendant's criminal charges were handled informally. The Kansas court records indicated that Parker was represented by counsel at his guilty plea hearing and that the court questioned him and determined that his plea to the felony and misdemeanor charges was voluntary and intelligent. Parker was thereafter sentenced on those charges. The probation officer concluded that "there is nothing in the record that would indicate that the defendant's plea was in any way related to his divorce proceedings."
 
 
 10
 At the sentencing hearing, Parker conceded that the convictions had occurred and that he did not report them to the probation officer. He argued, however, that his failure to report them resulted from a misunderstanding about the nature of the offenses, and was not willful. Parker argued, through counsel, that if he had intended to hide the fact of the prior convictions he would not have informed the probation officer of the restitution order or that he had lived in Kansas, information that "directly led ... the probation officer to that conviction." The district court concluded that a two- level increase to Parker's base offense level for obstruction of justice was warranted.
 
 II. Discussion
 
 11
 We review for clear error a district court's decision to increase an offense level for obstruction of justice under Sec. 3C1.1. United States v. Aymelek, 926 F.2d 64, 68 (1st Cir. 1991). The government has the burden of proving willful obstruction of justice by a preponderance of the evidence. Id. at 67. Therefore, our inquiry here is limited to the following question:
 
 
 12
 whether there is sufficient evidence on the record to support a reasoned conclusion that appellant [willfully] obstructed, or attempted to obstruct, the proceedings.
 
 
 13
 Id. at 68.
 
 
 14
 We believe that the record supports a "reasoned conclusion" that Parker "willfully" attempted to obstruct the sentencing proceedings by omitting the Kansas arrests and convictions for criminal damage to property when questioned by the probation officer. Parker argues on appeal that "there was no evidence presented by the government from which the court could conclude that Parker willfully obstructed justice." We disagree.
 
 
 15
 It is uncontested that the arrests and convictions occurred and that Parker failed to mention them when specifically questioned about prior arrests. He attributed this failure to a misunderstanding about the nature of the previous offenses. In this context, the information in the PSR that Parker was represented by counsel when pleading guilty to the unreported criminal charges, that the guilty plea was found to be voluntary and intelligent and that the Kansas records contained nothing to indicate that the omitted charges were handled informally (as Parker contended), constitutes evidence of willfulness. The inclusion of the prior convictions had the effect of increasing Parker's criminal history category. Therefore, Parker had a motive for omitting them. This also constitutes some evidence that the omissions were willful.
 
 
 16
 The court read Parker's written objections to the PSR, heard his counsel's arguments at the sentencing hearing and gave Parker an opportunity to speak at the hearing. The court did not believe the explanation Parker gave for failing to report the arrests and convictions: that he misunderstood the nature of the offenses. See United States v. Baker, 894 F.2d 1083, 1085 (9th cir. 1990) (upholding finding of "willfulness" where sentencing court "afforded [defendant] ample opportunity to refute allegations in the presentence report and to present his own view of the facts" before rejecting defendant's explanation that he believed omitted convictions weren't part of his criminal history).
 
 
 17
 In United States v. St. Cyr, 977 F.2d 698 (1st Cir. 1992), we reviewed for clear error the district court's finding of "willfulness" with respect to the defendant's failure to disclose previous convictions and guilty pleas in his interview with a probation officer. We upheld the two-level increase for obstruction of justice where the district court did not find defendant's explanation for his omissions (that he had simply forgotten about his previous convictions) credible. "In the sentencing phase, credibility determinations lie within the domain of the district court. Only rarely-and in the most urgent circumstances-will we, from the vista of a sterile appellate record, meddle in such matters." Id. at 706. We reiterated that "when there are two plausible views of the record, the sentencing court's adoption of one such view cannot be clearly erroneous." Id.[3]
 
 
 18
 Similarly, in this case the district court rejected Parker's explanation for failing to disclose the Kansas arrests and convictions. Given the evidence that Parker was represented by counsel when pleading guilty to the omitted offenses, that his guilty plea was knowing and voluntary and that Kansas court records gave no indication that the charges were handled informally, it was not clearly erroneous for the district court to reject Parker's explanation that he misunderstood the nature of the offenses. The district court's finding was based on a plausible view of the record and cannot be rejected as clearly erroneous. See St. Cyr, 977 F.2d at 706. See also United States v. Tello, 9 F.3d 1119 (5th Cir. 1993) (affirming two-level increase for obstruction of justice where district court did not clearly err in rejecting defendant's explanation for failure to tell probation officer about prior arrests and convictions).
 
 
 19
 Parker argues that this case is similar to United States v. Tabares, 951 F.2d 405 (1st Cir. 1991). There, we noted the absence of evidence of willfulness. We held that the giving of a false social security number was not "material," reasoning that the number, which defendant had been using for some time, likely helped investigators looking for defendant's prior work history. See id. at 411. In this case, however, Parker concedes in his brief that the omission was "material." Moreover, Parker's argument that the incomplete information disclosed by him-that restitution was ordered in his Kansas divorce proceedings-would have led to the discovery of the omitted convictions for criminal damage to property, is of no avail. The failure to provide complete information of his previous arrests and convictions certainly delayed the preparation of an accurate PSR and could have resulted in an inaccurate sentencing computation. See United States v. Baker, 894 F.2d at 1084.
 
 
 20
 Finally, Parker accuses the district court of having made up its mind on the obstruction of justice issue before hearing from the parties at the sentencing hearing. The record completely belies that contention. While the sentencing judge stated that, based upon his reading of the PSR, he was persuaded that an obstruction of justice had occurred, that was merely a statement of his thinking thus far in the process. He went on to carefully consider the parties' arguments at the hearing. He questioned Parker's attorneys closely about Parker's explanation for his omissions and about the records of the Kansas court proceedings before ruling that a two-level increase for obstruction of justice was warranted.
 
 
 21
 Accordingly, the judgment is summarily affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 The references herein are to the guidelines in effect on January 12, 1994, the date of Parker's sentencing
 
 
 [2]
 At the sentencing hearing, the defense attorney stated that it was unclear from the record whether Parker actually served time for these convictions
 
 
 [3]
 Parker's argument that any conflicts in the evidence should be resolved in defendant's favor pursuant to Sec. 3C1.1, comment (n.1), has repeatedly been rejected by this court. See Aymelek, 926 F.2d at 68