45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Suren MOSESIAN, Defendant-Appellant.
 No. 94-10161.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided Dec. 20, 1994.
 
 Before: GOODWIN, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Suren Mosesian appeals both his conviction and 30-month sentence, following remand from this Court for resentencing. Mosesian was previously convicted of mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. Secs. 371, 1341. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Mosesian contends that the district court lacked jurisdiction because: (1) the "sham" contract did not constitute a federal offense, or, alternatively, the statute of limitations expired before the issuance of the indictment; and (2) the indictment was not returned in open court (i.e., with spectators in the courtroom). Because an earlier panel adjudicated Mosesian's first argument on the merits in his original appeal, we conclude that law of the case precludes re-examination of the issues. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991) (law of the case precludes a court from reexamining issues previously decided by the same court). We reject Mosesian's second argument as frivolous.
 
 
 4
 Second, Mosesian contends that the district court erred by concluding that the Guidelines applied because the conspiracy did not continue beyond November 1, 1987.[1] We reject this contention. The court did not clearly err by finding that a letter, dated December 2, 1987, from Mosesian to coconspirator Lawrence Rocker, was undertaken to conceal the sham contract in order to further on-going collection attempts from the insurance policies. See United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990) (district court's factual findings upheld unless clearly erroneous). Because the objective of the conspiracy--obtaining proceeds from the mortality insurance policies--continued after November 1, 1987, the district court properly sentenced Mosesian under the Guidelines. See United States v. Kohl, 972 F.2d 294, 298 (9th Cir.1992) (Guidelines applicable to offenses which straddle the effective date).
 
 
 5
 Third, Mosesian contends the district court erred by enhancing his offense level for obstruction of justice under U.S.S.G. Sec. 3C1.1. He argues that the court engaged in impermissible double counting by utilizing the December 2, 1987 letter as a basis for applying both the Guidelines and the obstruction of justice enhancement. Although Rocker raised this argument before the district court, the record reveals that Mosesian neither joined Rocker's argument nor separately raised it. Therefore, we deem the argument waived. See United States v. Flores-Payon, 942 F.2d 556, 558-60 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Mosesian's argument that the district court abused its discretion by failing to hold an evidentiary hearing. See, e.g., United States v. Baker, 894 F.2d 1083, 1084-85 (9th Cir.1990) (no formal evidentiary hearing required where district court received written objections, heard defense counsel's arguments, and afforded defendant his right of allocution)