57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin LUCKY, Defendant-Appellant.
 No. 94-30158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1995.
Decided May 25, 1995.
 
 Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin Lucky appeals from his sentence following entry of a guilty plea to one count of running a drug establishment in violation of 21 U.S.C. Sec. 856(a), arguing that the district court committed reversible error by denying his request for an evidentiary hearing and refusing to reduce his offense level for acceptance of responsibility. We vacate and remand for resentencing.
 
 
 3
 * Pursuant to the terms of his plea agreement, Lucky was to be sentenced on a charge of having made a room available for the purpose of storing, distributing, or using narcotics. However, the district court found Lucky guilty of having assisted in the commission of the underlying offense (possession with intent to distribute) and sentenced him to 210 months, based on an offense level of 32. See U.S.S.G. Sec. 2D1.8(a)(1). Lucky argues that the district court erred by sentencing him on disputed evidence and without the benefit of an evidentiary hearing, and contends that the district court should have sentenced him based on an offense level not greater than 16. See U.S.S.G. Secs. 2D1.8(a)(2); 6A1.3.
 
 
 4
 The district court held that, because there was cocaine in a bag in a car being driven by Lucky, Lucky must have been guilty of participating in the underlying offense in the room. While a fact finder might reasonably infer that the cocaine found in the car came from the room rented by Lucky, or that Lucky took the cocaine from the room, the presentence report ("PSR") does not say so, and there was no fact finding on the question of whether the bag and its contents identified in paragraph 16 of the PSR were the same as those referred to in paragraph 18. To the extent the relevant portion of paragraph 16 of the PSR can be read as an admission, Lucky's sentencing memorandum constitutes a denial of any participation on his part in the underlying offense.
 
 
 5
 Because the district court's conclusions with respect to this issue were not based on either undenied portions of the PSR, open court admissions, or findings made from evidence presented in the courtroom, the district court abused its discretion by failing to hold an evidentiary hearing. Cf. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir. 1990) (it is not an abuse of discretion to deny an evidentiary hearing, so long as the defendant is permitted to rebut allegedly erroneous statements found in the PSR; citing United States v. Baker, 894 F.2d 1083, 1084-85 (9th Cir. 1990)), cert. denied, 499 U.S. 930 (1991).
 
 II
 
 6
 Lucky next argues that the district court erred by rejecting his request for a three-level reduction in his offense level for acceptance of responsibility. Although the PSR suggested that the cocaine base belonged to Lucky, he objected to this statement and was prepared to put on evidence at the sentencing hearing to show that the drugs actually belonged to another. The district court neither held an evidentiary hearing, nor made any factual findings with respect to this issue. This was error. See Fed. R. Crim. P. 32(c)(3)(D) (when a defendant alleges that the PSR contains a factual inaccuracy relevant to sentencing, the district court must make an explicit finding on the matter).
 
 CONCLUSION
 
 7
 The district court erred by imposing sentence without holding an evidentiary hearing to resolve the relevant factual disputes. Accordingly, the sentence imposed is VACATED and the case is REMANDED for resentencing. Lucky's request that the case be reassigned to a different judge on remand is DENIED.
 
 
 8
 KOZINSKI, Circuit Judge, dissenting.
 
 
 9
 Defendant rented the hotel room and was found in possession of the cocaine base. He admitted that he knew the cocaine base was in his luggage, claiming only that he didn't know there was so much. In my view, these facts establish -- without more -- that defendant "participat[ed] in the underlying controlled substance offense." U.S.S.G. Sec. 2D1.8 n.1. The majority disagrees and remands for further factfinding, but if I were one of the parties I'd be in doubt as to what I needed to prove, and if I were the district judge I'd be in doubt as to what I was required to find.
 
 
 10
 I therefore dissent from section one of the majority's memorandum disposition.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3