**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MOHAMMAD ADNAN KHAN,<br><br>Defendant-Appellant. | No. 15-10487<br><br>D.C. No.<br>2:12-cr-00180-MCE-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MOHAMMAD NAWAZ KHAN,<br><br>Defendant-Appellant. | No. 15-10505<br><br>D.C. No.<br>2:12-cr-00180-MCE-2 |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and CARNEY,[**] District Judge.

Defendants-Appellants Mohammad Adnan Khan ("Adnan") and Mohammad Nawaz Khan ("Nawaz"), son and father (together, "the Khans"), appeal their 108 and 150 month sentences, respectively, following their guilty pleas to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.[1] The Khans pled guilty to devising and participating in a fictitious wage scheme to defraud the State of California Employment Development Department ("EDD") into paying unemployment and disability benefits to many individuals who either did not work for the Khans' farm labor contractor companies or did not do so for the number of hours that they reported to EDD. The Khans assert that the district court made three significant errors at their sentencings: (1) it failed to make the findings required under Federal Rule of Criminal Procedure 32 regarding the loss amounts,

[**] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

[1] At his plea hearing, Adnan was advised of the elements of conspiracy to commit mail fraud, 18 U.S.C. § 1349, he then pled guilty to that crime, and certain parts of his plea agreement correctly refer to that offense. However, the plea agreement erroneously lists the elements of the substantive mail fraud offense under 18 U.S.C. § 1341, his presentence investigation report references § 1341 rather than § 1349, the judgment entered against him states that he pled guilty to violating § 1341, and the district court stated at his sentencing hearing that Adnan pled guilty to violating § 1341. At resentencing, the district court shall correct these errors in the record.

which were relied on by the district court to apply a twenty-level increase to their offense levels under § 2B1.1 of the Sentencing Guidelines for a loss exceeding $7 million; (2) it accepted as reasonable estimates the loss amounts set forth in the Khans' presentence investigation reports ("PSRs"); and (3) it denied the Khans' request for an evidentiary hearing on the issue of loss amounts. We review de novo whether the district court complied with Rule 32 in making its determination of the loss amounts, *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008), we review for clear error the factual findings underlying the district court's imposition of the sentencing enhancement for the loss amounts,[2] *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008), and we review for abuse of discretion the district court's denial of the Khans' request for an evidentiary hearing, *United States v. Sarno*, 73 F.3d 1470, 1502 (9th Cir. 1995). We vacate the Khans' sentences and remand their cases for resentencing.

We agree with the Khans that the district court's findings on the loss amounts were inadequate under Rule 32. When a defendant makes a specific factual objection to a matter that will affect sentencing, as both of the Khans did

---

[2] Contrary to the government's argument, the Khans repeatedly challenged the loss amounts in the PSRs before the district court, and their arguments on appeal are consistent with those challenges. Accordingly, we review for clear error—not plain error. *United States v. Pallares-Galan*, 359 F.3d 1088, 1094–95 (9th Cir. 2004).

here, the district court must rule on the objection and make "express" or "explicit" factual findings that resolve that objection. *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013) (quoting *United States v. Houston*, 217 F.3d 1204, 1208 (9th Cir. 2000)). Strict compliance with Rule 32 is required. *United States v. Job*, 851 F.3d 889, 906 (9th Cir. 2017) (quoting *Doe*, 705 F.3d at 1153). Failure to make the necessary findings under Rule 32 requires a defendant's sentence to be vacated and the case remanded for resentencing. *United States v. Herrera-Rojas*, 243 F.3d 1139, 1142 (9th Cir. 2001).

The district court here made no factual findings on the Khans' objections regarding the loss amounts. The PSRs estimated an actual loss of $6.7 million and an intended loss of $13.2 million for Adnan, and estimated an actual loss of $7.1 million and an intended loss of $14.1 million for Nawaz. The Khans specifically objected to these estimates of intended and actual loss, contending that the estimates were inflated and wrongfully included amounts paid by EDD for legitimate benefits claims. The district court summarily overruled those objections and adopted the estimated loss amounts set forth in the PSRs without making any specific factual finding on the Khans' objections. A district court may not simply rely on the factual statements in a PSR when a defendant objects to those facts.

*United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009) (citing *United States v. Ameline*, 409 F.3d 1073, 1085–86 (9th Cir. 2005) (en banc)).

We also agree with the Khans that the district court clearly erred when it accepted the estimates of the loss amounts set forth in the PSRs to apply a twenty-level enhancement to their sentences under § 2B1.1 of the Sentencing Guidelines for a loss exceeding $7 million. The district court must correctly calculate the Sentencing Guidelines range before sentencing a defendant. *Gall v. United States*, 552 U.S. 38, 49 (2007). If the district court makes a material miscalculation, a defendant's sentence must be vacated and the case remanded for resentencing. *Showalter*, 569 F.3d at 1159 (citing *United States v. Zolp*, 479 F.3d 715, 721 (9th Cir. 2007)). The government bears the burden of proof when it seeks sentencing enhancements, *Ameline*, 409 F.3d at 1086, and must demonstrate the basis for a loss amount enhancement by a preponderance of the evidence, *United States v. Laurienti*, 611 F.3d 530, 556 (9th Cir. 2010). The district court need not calculate loss amount with "absolute precision" but rather only needs to make a "reasonable estimate" of loss amount. *Id.* at 558 (quoting *Zolp*, 479 F.3d at 719).

The Sentencing Guidelines enhancement for loss amount unquestionably had a material impact on the Khans' sentences. Indeed, it was the most significant factor in the calculation of their offense levels under the Sentencing Guidelines.

5

Yet we cannot discern from the record before us whether the estimates of the actual and intended losses set forth in the PSRs and relied on by the district court to apply the Sentencing Guidelines enhancement were reasonable. No explanation or analysis of how those estimates were calculated, what proportion of those estimates were attributable to legitimate payments made by EDD for legitimate benefits claims, and why those payments were included in the estimates was provided by the district court, set forth in the PSRs, or offered by the government before the district court or in its evidentiary submissions on appeal. That omission is particularly problematic given that the government's own evidence demonstrates that at least some proportion—perhaps as much as 30%—of EDD payments went to legitimate claimants. We are thus left guessing as to the explanation or analysis supporting the loss amounts. Because it is not apparent from the record whether those loss amounts are a reasonable estimate of intended loss, we conclude that the district court erred.

Finally, the district court did not abuse its discretion when it denied the Khans' request for an evidentiary hearing on the loss amounts. "There is no general right to an evidentiary hearing at sentencing." *United States v. Laurienti*, 731 F.3d 967, 972 (9th Cir. 2013) (alteration omitted) (quoting *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996)). A district court may refuse to

hold one as long as the defendant is allowed an opportunity to rebut the findings and recommendations of a PSR through oral or written submissions. *Sarno*, 73 F.3d at 1502–03 (citing *United States v. Baker*, 894 F.2d 1083, 1084–85 (9th Cir. 1990)). Here, the Khans were provided extensive discovery months in advance of their sentencings and were given ample opportunities to present both written and oral sentencing submissions. Indeed, continuances of their sentencing hearings were granted by the district court for this very purpose. It was therefore well within the district court's discretion to conclude that the Khans had been given an ample opportunity to present their arguments.

**VACATED AND REMANDED.**